## THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-2040-NRN

THE KONG COMPANY, LLC, a Colorado limited liability company,

      Plaintiff,

v.

PICCARD MEDS FOR PETS CORP, a Florida corporation,
MARLON MARTINEZ, a natural person, and
JOHN DOES 1-10, individually or as corporate/business entities,

      Defendants.

---

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

---

## I.  INTRODUCTION

Plaintiff The Kong Company, LLC ("KONG") has brought eight claims that arise from the unlawful acquisition and sale of its products by Defendant Marlon Martinez ("Martinez") and Defendant Piccard Meds for Pets Corp.  Although most of KONG's claims are fact-intensive and cannot be resolved until the parties have conducted discovery, KONG's eighth claim—for breach of contract against Martinez—can and should be resolved immediately because the facts establishing Martinez's liability are not in dispute.  In March 2019, Martinez entered into a contract in which he agreed to cease selling any products bearing KONG's trademarks on any third-party marketplace website after March 31, 2019 in exchange for the right to be an authorized seller of KONG products and permitted to sell products through Martinez's private website.  As is already established in the "Undisputed Facts" submitted by the parties and issued in this Court's scheduling order (Dkt. 19), Martinez has repeatedly breached his contract by selling KONG products on third-party marketplace websites after March 31, 2019, including on www.amazon.com ("Amazon"), www.ebay.com ("eBay"), and www.walmart.com ("Walmart").

Because the facts establishing Martinez's liability are not in dispute, KONG seeks an order that: (1) enters summary judgment in KONG's favor on its claim for breach of contract; (2) requires Martinez to perform under the contract and no longer sell KONG products on third-party marketplace websites; and (3) allows KONG to recover the attorneys' fees it has incurred in enforcing the contract.[1]  KONG has filed this motion at the outset of discovery because it believes early resolution of its claim for breach of contract will simplify the issues in this case, potentially

---

[1] The contract provides that Martinez is "responsible for payment of the attorneys' fees incurred by KONG relating to its enforcement of this agreement" if Martinez breaches the contract.  (*See* Ex. 5 at PIC000029.)

resolve the case entirely, and, if the case does not resolve, allow the parties to focus their efforts on KONG's other claims that are based on facts that must be developed in discovery.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     KONG manufactures and distributes high-quality pet products including durable rubber toys, grooming supplies, and treats for dogs and cats ("KONG products").  (Dkt. 19, Scheduling Order, at 9 ¶1; Dkt. 13, Answer, at 3 ¶ 13.)

2.     To ensure that customers receive the genuine, high quality products they expect to receive from KONG, KONG allows KONG products to be sold in the United States only by a network of authorized distributors, retailers, and resellers (collectively, "Authorized Sellers") who agree to abide by KONG policies relating to quality controls, customer service, and other sales practices (collectively, the "KONG Rules").  (Declaration of Lindsay Rich In Support of Plaintiff's Motion for Partial Summary Judgment ("Rich Decl."), at ¶ 2.)

3.     The KONG Rules restrict Authorized Sellers' ability to sell KONG products on the Internet.  Although Authorized Sellers are permitted to sell KONG products on websites they operate themselves if the websites meet certain criteria and the Authorized Sellers also have a physical retail location, no Authorized Seller—including Authorized Sellers that are permitted to sell on their own websites—is allowed to sell KONG products on any third-party marketplace website unless the Authorized Seller first receives written approval from KONG.  The KONG Rules list examples of "third-party marketplace websites" as "Amazon, eBay, Jet, Rakuten, Walmart Marketplace, or Sears Marketplace."  To obtain KONG's approval to sell on a third-party marketplace website, Authorized Sellers must submit applications to KONG and undergo vetting by KONG.  (Rich Decl. at ¶ 4; Ex. 1, The Kong Company, LLC Authorized Reseller Policy, at

PIC000001-PIC000002.)

4.      In or around February 2019, KONG discovered that Defendant Marlon Martinez and Defendant Piccard Meds for Pets Corp (collectively, "Defendants") were selling KONG products through a third-party storefront on Amazon.  Defendants were Authorized Sellers of KONG products at this time and were permitted to sell KONG products online through a website operated by Defendants that is located at https://piccardmeds4pets.com/ (the "Piccard's Pets Website"), but Defendants had not been approved to sell KONG products on any third-party marketplace website.  (Rich Decl. at ¶ 5.)

5.      KONG had provided Martinez with its Authorized Reseller Policy on or around April 17, 2018.  That policy stated that Martinez is prohibited from selling KONG products on any "third-party marketplace website such as Amazon, eBay, Jet, Rakuten, Walmart Marketplace, or Sears Marketplace without the prior written consent of KONG."  (Rich Decl. at ¶ 5; Ex. 1 at PIC000001-PIC000002.)

6.      On February 25, 2019, KONG informed Martinez by email that his Authorized Seller account was "on hold due to active Amazon listings."  KONG also wrote that: "As you are aware KONG's policies no longer allow for its product to be listed on Third Party Marketplaces." KONG explained why it had elected to limit the sales of its products on third-party marketplace websites and stated that the hold on Martinez's Authorized Seller account would be lifted "[u]pon removal of KONG products from 3rd Party Marketplaces."  (Rich Decl. at ¶ 6; Ex. 2, February 25, 2019 email correspondence from KONG to Martinez, at PIC000146-PIC000147.)

7.      Later on February 25, 2019, Martinez responded to KONG's email and wrote: "I understand."  But Martinez also wrote: "[C]an we finish selling these off?, it would be very costly

to have these returned."  (Rich Decl. at ¶ 6; Ex. 3, February 25, 2019 email correspondence from Martinez to KONG, at PIC000146.)

8.      Later on February 25. 2019, KONG responded to Martinez's email and explained that KONG would be willing to enter into a "3rd Party Marketplace Sell Through agreement" that would allow Martinez to temporarily sell KONG products on Amazon until an agreed-upon "sell through date."  KONG attached its proposed sell-through agreement to its email, and explained that Martinez would be permitted to again sell KONG products through the Piccard's Pets Website once he signed the sell-through agreement.  (Rich Decl. at ¶ 6; Ex. 4, February 25, 2019 email correspondence from KONG to Martinez, at PIC000145-PIC000146.)

9.      Martinez signed the sell-through agreement (the "Contract") on March 1, 2019. KONG signed the Contract on March 4, 2019.  (Rich Decl. at ¶ 9; Ex. 5, fully executed agreement, at PIC000029; Scheduling Order at 9 ¶ 4; Answer at 15 ¶ 145.)

10.     The Contract signed by Martinez states that "[a]fter March 31, 2019 (the 'Sell-Through Date'), neither I nor any employee, agent, or anyone else acting at my direction or on my behalf, will advertise or sell any products bearing any KONG trademarks ('Kong Products') on any Third Party online marketplace, including (but not limited to) Amazon, eBay, Jet, Rakuten, Walmart Marketplace, and Sears Marketplace, either directly or through any other person, company, or entity.  I will remove all existing listings of KONG Products I am selling on any online marketplace by the Sell-Through Date."  (Rich Decl. at ¶ 10; Ex. 5 at PIC000028.)

11.     The Contract also states that "Beginning immediately, I will not acquire any KONG Products for purposes of resale on any online marketplace.  From now until the Sell-Through Date, the only KONG Products I sell on any online marketplaces will be those in my existing inventory

as of this date."  (Rich Decl. at ¶ 11; Ex. 5 at PIC000029.)

12.     The Contract also states that "After the Sell-Through Date, I will only advertise or sell KONG Products in compliance with KONG's Authorized Reseller Policy (the 'Policy'), as it may be amended from time to time."  This clause confirmed that, if Martinez complied with this obligations under the Contract, he would continue to be an Authorized Seller and be permitted to sell KONG Products through the Piccard's Pets Website even though he was prohibited from selling on Amazon or any other third-party marketplace website.  (Rich Decl. at ¶ 12; Ex. 5 at PIC000029.)

13.     The Contract also states that "Should I breach this agreement, I will be responsible for payment of the attorneys' fees incurred by KONG relating to its enforcement of this agreement."  (Rich Decl. at ¶ 13; Ex. 5 at PIC000029.)

14.     The Contract provides that it "shall be governed by the laws of the state of Colorado."  (Ex. 5 at PIC000029.)

15.     KONG complied with its obligations under the Contract.  On March 5, 2019, KONG sent an email to Martinez which stated that he had again "been approved to sell KONG toys on Piccardmeds4pets.com."  The email also enclosed a new copy of KONG's Authorized Reseller Policy and other materials.  (Rich Decl. at ¶ 14; Ex. 6, March 5, 2019 email correspondence from KONG to Martinez, at PIC000162.)

16.     Martinez did not comply with his obligations in the Contract.  After March 31, 2019, the agreed upon Sell-Through Date, Martinez continued to sell KONG products on Amazon. After March 31, 2019, Martinez also began listing KONG products for sale on a third-party storefront on Walmart.  (Rich Decl. at ¶ 15; Scheduling Order at 9 ¶ 5; Answer at 15 ¶ 146.)

17.     On July 1, 2019, KONG wrote to Martinez by email and discussed his violation of the Contract.  KONG wrote: "you are currently in violation of the KONG Reseller Policy and in breach of your Sell Through Agreement.  Piccard Meds 4 Pets current[ly] has KONG listed on Amazon, Amazon CA and Walmart.com.  These will need to be [removed] within 24 hours."  (Rich Decl. at ¶ 16; Ex. 7, July 1, 2019 email correspondence from KONG to Martinez, at PIC000196-PIC000197; Scheduling Order at 10 ¶ 6; Answer at 15 ¶ 147.)

18.     After July 1, 2019, Martinez continued to violate his Contract by selling KONG products on prohibited third-party marketplace websites including Amazon and Walmart.  Martinez also began selling KONG products on eBay, another third-party marketplace website that is prohibited by his Contract.  (Rich Decl. at ¶ 17.)

19.     On October 17, 2019, KONG informed Martinez that he and Piccard Meds for Pets Corp had been formally terminated as Authorized Sellers of KONG products because of their continued sales of KONG products on third-party marketplace websites.  KONG wrote by email that: "After being given several opportunities to comply with KONG's Reseller Policy, and your Sell Through Agreement, Piccardmeds4Pets continues to sell on Third Party Marketplaces such as Amazon and Ebay, and represent the brand as an approved Third Party Marketplace Reseller. Because of these non-compliant actions we have revoked authorized reseller status."  (Rich Decl. at ¶ 18; Ex. 8, October 17, 2019 email correspondence from KONG to Martinez, at PIC000195; Scheduling Order at 10 ¶7; Answer at 15 ¶ 148.)

20.     KONG's October 17, 2019 email also warned Martinez that KONG would pursue him for breach of his Contract unless he permanently removed his listings of KONG products from all third-party marketplace websites "by the end of day October 18, 2019."  (Rich Decl. at ¶ 19;

Ex. 8 at PIC000195; Scheduling Order at 10 ¶ 7; Answer at 15 ¶ 148.)

     21.    After October 18, 2019, Martinez did not permanently remove his listings of KONG products from third-party marketplace websites.  Over the following 16 months, Martinez continued to periodically list KONG products for sale through his storefronts on Amazon, Walmart, and eBay.  Although Martinez occasionally removed his listings from Amazon, Walmart, and eBay, any removal was temporary and Martinez always resumed listing KONG products on third-party marketplace websites despite the prohibition in the sell-through agreement. (Rich Decl. at ¶ 20; Scheduling Order at 11 ¶¶ 10, 12; Answer at 15-16 ¶¶ 152, 154.)

     22.    On February 8, 2021, KONG sent a cease-and-desist letter to Martinez and Piccard Meds for Pets Corp.  The letter explained, among other things, that Martinez continued to be in breach of his sell-through agreement by selling KONG products on third-party marketplace websites.  The letter stated that "When KONG previously brought these matters to your attention, you signed a settlement agreement with KONG on March 1, 2019.  In this contract, you agreed to immediately cease purchasing KONG products and stop selling KONG products on online marketplaces after March 31, 2019.  You have continued to sell KONG products on Amazon in violation of this agreement.  Since you have breached the agreement, you are responsible for the attorneys' fees incurred by KONG in enforcing its agreement against you."  (Rich Decl. at ¶ 21; Ex. 9, February 8, 2021 cease-and-desist letter, at PIC000081; Scheduling Order at 10-11 ¶ 9; Answer at 15 ¶ 151.)

     23.    Martinez continued to sell KONG products on third-party marketplace websites after February 8, 2021 and continuing to the present, even after KONG filed the instant lawsuit. (Rich Decl. at ¶ 22; Scheduling Order at 11-12 ¶¶ 12-13, 15; Answer at 16 ¶¶ 154-155, 157.)

24.     As of the time of filing, Martinez is actively listing KONG products for sale on his storefronts on Amazon (https://www.amazon.com/sp?seller=AP4I3C6AVO63C) and eBay (https://www.ebay.com/usr/piccardmeds4pets).  (Rich Decl. at ¶ 22.)

25.     KONG has been damaged by Martinez's breaches of his Contract.  When consumers purchase KONG products on third-party marketplace websites that are of poor quality or otherwise unsatisfactory, consumers write negative online reviews of the products that criticize KONG and cause other consumers to be less likely to purchase KONG products.  KONG has approved only a small number of Authorized Sellers to sell on third-party marketplace websites so that it can carefully monitor those Authorized Sellers and take corrective action if they sell poor quality products or otherwise cause consumers to write negative reviews of KONG products.  KONG cannot carry out this oversight or take any corrective action to protect its brand goodwill when sellers such as Martinez continue to sell on third-party marketplace websites, outside of KONG's quality controls, after expressly agreeing to stop.  (Rich Decl. at ¶ 23.)

26.     KONG has also incurred substantial costs in monitoring Martinez's continued sales on third-party marketplace websites and urging him to cease his sales, to no avail.  (Rich Decl. at ¶ 23.)

## III.   LAW AND ARGUMENT

### A.     Standard of Review

Under Fed. R. Civ. P. 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Kendall v. Watkins*, 998 F.2d 848, 850 (10th Cir. 1993).  Ultimately, the court's inquiry is whether the facts and evidence identified by the parties present

"a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

> **B.    KONG is Entitled to Summary Judgment on its Claim for Breach of Contract**

Under Colorado law, which expressly governs the parties' Contract, the elements of breach of contract are: "(1) the existence of [a] contract; (2) performance by the plaintiff; (3) failure to perform by the defendant; and (4) damages. *Conagra Trade Grp., Inc. v. Fuel Exploration, LLC*, 636 F. Supp. 2d 1166, 1171 (D. Colo. 2009) (citing *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).

The undisputed evidence establishes each of these elements.  First, the parties entered into a valid contract when they signed the sell-through agreement in March 2019.  *See* Statement of Undisputed Material Facts ("SUMF") at ¶ 9.  There is no dispute that, in signing the agreement, Martinez accepted an offer made by KONG with regard to a certain subject matter.  *See* SUMF ¶¶ 6-9; *Industrial Prods. Int'l v. Emo Trans, Inc.*, 962 P.2d 983, 988 (Colo. App. 1997) ("An enforceable contract requires mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration.").  The contract was also supported by consideration: in exchange for Martinez's promise to stop selling KONG products on third-party marketplace websites after March 31, 2019, KONG agreed to allow Martinez to resume purchasing KONG products as an Authorized Seller and sell the products on the Piccard's Pets Website.  *See* SUMF ¶¶ 2-12, 15; *W. Fed. Sav. & Loan Ass'n v. Nat'l Homes Corp.*, 445 P.2d 892, 897 (Colo. 1968) ("A benefit to the promisor or a detriment to the promisee can constitute consideration, however slight.");

*Grant v. Oten*, 626 P.2d 764, 765-66 (Colo. App. 1981) ("[A] presumption arises from the existence of a signed written instrument that it is supported by adequate consideration.").

Second, KONG performed all of its obligations under the parties' Contract. On March 5, 2019, KONG restored Martinez's status as an Authorized Seller of KONG products and approved him to again sell products on the Piccard's Pets Website. *See* SUMF ¶ 15. Although KONG ultimately terminated Martinez's status as an Authorized Seller on October 17, 2019, KONG did not take that action until after Martinez had repeatedly breached his Contract and the KONG Rules by selling products on third-party marketplace websites after his sell-through date of March 31, 2019. *See* SUMF ¶¶ 16-20.

Third, Martinez did not perform his obligations under the parties' Contract. Instead, Martinez has repeatedly breached the Contract—continuing even to the present—by selling KONG products on websites he promised to not sell on after March 31, 2019. *See* SUMF ¶¶ 16-24. These breaches, which Martinez has conceded even in his Answer and in the "Undisputed Facts" issued in this Court's Scheduling Order, have been blatant and without any justification. *See id.*

Finally, KONG has been damaged by Martinez's breaches of the parties' Contract. KONG prohibits its Authorized Sellers from selling on third-party marketplace websites without its approval and has approved only a small number of Authorized Sellers to sell on third-party marketplace websites so that it can carefully monitor its approved Authorized Sellers and take corrective action if they sell poor quality products or otherwise cause consumers to write negative reviews of KONG products, which harm KONG's brand goodwill. *See* SUMF ¶¶ 2-3, 25. KONG cannot exercise this oversight over Martinez or take any corrective action if Martinez sells poor

quality products because Martinez has flouted the parties' Contract and continues to sell products on third-party marketplace websites as an unauthorized seller that is outside KONG's quality controls.   SUMF ¶ 25.   KONG has also incurred substantial costs in monitoring Martinez's continued sales on third-party marketplace websites and urging him to cease his sales, to no avail. SUMF ¶ 26.

KONG is accordingly entitled to summary judgment on its claim for breach of contract. *See, e.g., Ihs Markit v. Colliers Int'l Wa*, No. 19-cv-00876-JLK, 2021 U.S. Dist. LEXIS 214930, at *33 (D. Colo. Oct. 12, 2021) (granting summary judgment for plaintiff on claim for breach of contract).   Although KONG's other claims depend on facts that will be developed in discovery, the facts that establish Martinez's liability for breach of contract are straightforward and undisputed.

> **C.      Martinez Should Be Ordered to Perform His Obligations Under the Contract and KONG Should Be Awarded the Attorneys' Fees It Has Incurred In Enforcing the Contract**

As remedies for Martinez's breach of contract, KONG seeks: (1) an order requiring Martinez to perform his obligations under the Contract and permanently stop selling KONG products on third-party marketplace websites; and (2) an award of the attorneys' fees it has incurred in enforcing the contract.

When liability is established for breach of contract, under Colorado law, the court may award a money judgment or order the breaching party to specifically perform its obligations under the contract.   *See Forest City Stapleton Inc. v. Rogers*, 393 P.3d 487, 490, 2017 CO 23 (Colo. 2017) ("When parties enter into a contract, they make a series of promises. If a party fails to perform any of these promises, a court may enforce them, either for specific performance or for a

money judgment."); *Wheat Ridge Urban Renewal Auth. v. Cornerstone Grp. XXII, L.L.C.*, 176 P.3d 737, 740 (Colo. 2007) ("Specific performance is an equitable remedy for breach of contract."). For a court to order specific performance of a contract, "[t]he contract itself must make the precise act to be done clearly ascertainable" and "the terms of the contract must be clear, definite, certain, and complete." *Schreck v. T & C Sanderson Farms, Inc.*, 37 P.3d 510, 514 (Colo. App. 2001) (citations omitted).

Here, the requirements for specific performance are easily satisfied. The terms of the parties' Contract were crystal clear, yet Martinez has repeatedly violated the terms by continuing to sell KONG products on websites (including Amazon, eBay, and Walmart) that he expressly agreed he would **not** sell on after March 31, 2019. *See* SUMF ¶¶ 9-11. Because the terms of the Contract are clear, definite, certain, and complete, this Court should order Martinez to specifically perform his obligations under the Contract and no longer sell any KONG products "on any Third Party online marketplace, including (but not limited to) Amazon, eBay, Jet, Rakuten, Walmart Marketplace, and Sears Marketplace, either directly or through any other person, company, or entity." SUMF ¶ 10.

This Court should also award KONG the attorneys' fees it has incurred in enforcing the Contract because the Contract provides that "should [Martinez] breach this agreement, [Martinez] will be responsible for payment of the attorneys' fees incurred by KONG relating to its enforcement of this agreement." SUMF ¶ 13; *see Bunnett v. Smallwood*, 793 P.2d 157, 162 (Colo. 1990) (explaining that although attorneys' fees are ordinarily not awarded for breach of contract, they are awarded when "the agreement expressly provides that remedy" because that "is consistent

with normal rules of contract interpretation.").[2]  KONG requests that, after this Court issues an order resolving KONG's motion for partial summary judgment, KONG be permitted to file a supplemental motion setting forth the attorneys' fees it has incurred in enforcing the parties' Contract.

## IV.    CONCLUSION

This Court should: (1) enter summary judgment in KONG's favor on Count 8 of its Complaint; (2) order that Martinez must perform under the parties' Contract and no longer sell KONG products on third-party marketplace websites including Amazon, eBay, and Walmart; and (3) order that KONG is entitled to recover the attorneys' fees it has incurred in enforcing the Contract and may file a supplemental motion setting forth its attorneys' fees.

Dated: November 23, 2021

Respectfully submitted,

By:  */s/ Daniel C.F. Wucherer*
Daniel C.F. Wucherer (Ohio Bar No. 0097210)
Vorys, Sater, Seymour and Pease LLP
301 E. 4th Street, Suite 3500
Cincinnati, OH 45202
Phone: (513) 723-4093
Email: dcwucherer@vorys.com

Martha L. Fitzgerald, #14078
Brownstein Hyatt Faber Schreck LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202-4432
Phone: (303) 223-1472
Email: mfitzgerald@bhfs.com

William D. Kloss, Jr. (Ohio Bar No. 0040854)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
Phone: (614) 464-6334
Email: wdklossjr@vorys.com

*Counsel for Plaintiff The KONG Company, LLC*

---

[2] *Bunnett* also noted that awards of attorneys' fees "are not considered actual damages 'because they are not the legitimate consequences of the tort or breach of contract sued upon.'"  *Id.* at 160 (quoting *Taxpayers for the Animas-LaPlata Referendum v. Animas-LaPlata Conservancy Dist.*, 739 F.2d 1472, 1480 (10th Cir. 1984)).

## **CERTIFICATE OF COMPLIANCE WITH DUTY TO MEET AND CONFER**

As required by section E(1) of this Court's Practice Standards for Civil Cases, counsel for KONG conferred with counsel for Defendants about the issues raised in this motion by telephone during the parties' Rule 26(f) conference on September 23, 2021.  The parties also discussed this motion during the scheduling conference on October 14, 2021.  Defendants oppose the relief sought in this motion.

*/s/ Daniel C.F. Wucherer*
Daniel C.F. Wucherer

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was electronically filed with the Court on November 23, 2021.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Daniel C.F. Wucherer*
Daniel C.F. Wucherer