THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-2040-NRN

THE KONG COMPANY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

PICCARD MEDS FOR PETS CORP, a Florida corporation,
MARLON MARTINEZ, a natural person, and
JOHN DOES 1-10, individually or as corporate/business entities,

    Defendants.

## DECLARATION OF LINDSAY RICH IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Lindsay Rich, make the following declaration in support of the Motion for Partial Summary Judgment ("MSJ") filed by Plaintiff The KONG Company, LLC ("KONG") in the above-captioned matter.

1. I am the Director of eCommerce at KONG. I have personal knowledge of the facts in this declaration and, if called as a witness, could and would testify to such facts under oath.

2. KONG manufactures and distributes high-quality pet products including durable rubber toys, grooming supplies, and treats for dogs and cats ("KONG products"). To ensure that customers receive the genuine, high quality products they expect to receive from KONG, KONG allows KONG products to be sold in the United States only by a network of authorized distributors, retailers, and resellers (collectively, "Authorized Sellers") who agree to abide by KONG policies

relating to quality controls, customer service, and other sales practices (collectively, the "KONG Rules").

3. The KONG Rules require Authorized Sellers to follow numerous quality controls relating to product inspection, storage and handling, and customer service.

4. The KONG Rules also restrict Authorized Sellers' ability to sell KONG products on the Internet. Although Authorized Sellers are permitted to sell KONG products on websites they operate themselves if the websites meet certain criteria and the Authorized Sellers also have a physical retail location, no Authorized Seller—including Authorized Sellers that are permitted to sell on their own websites—is allowed to sell KONG products on any third-party marketplace website unless the Authorized Seller first receives written approval form KONG. A "third-party marketplace website" is a website such as www.amazon.com (Amazon), www.ebay.com (eBay), or www.walmart.com ("Walmart") where sellers list products for sale as third-party sellers alongside products listed by other sellers. To obtain KONG's approval to sell on third-party marketplace websites, Authorized Sellers must submit applications to KONG and undergo vetting by KONG.

5. In or around February 2019, KONG discovered that Defendant Marlon Martinez and Defendant Piccard Meds for Pets Corp (collectively, "Defendants") were selling KONG products through a third-party storefront on Amazon. Defendants were Authorized Sellers of KONG products at this time and were permitted to sell KONG products online through a website operated by Defendants that is located at https://piccardmeds4pets.com/ (the "Piccard's Pets Website"), but Defendants had not been approved to sell KONG products on any third-party marketplace website (including Amazon). Attached to this declaration as **Exhibit 1** to KONG's

MSJ is a true and correct copy of KONG's Authorized Reseller Policy, which I had provided to Mr. Martinez on April 17, 2018 and which Defendants have produced in this litigation. The Authorized Reseller Policy explains that Authorized Sellers are prohibited from selling KONG products on any "third-party marketplace website such as Amazon, eBay, Jet, Rakuten, Walmart Marketplace, or Sears Marketplace without the prior written consent of KONG."

6. On February 25, 2019, I wrote to Mr. Martinez by email that his Authorized Seller account was "on hold due to active Amazon listings." I also wrote: "As you are aware KONG's policies no longer allow for its product to be listed on Third Party Marketplaces." I explained why KONG had elected to limit the sales of its products on third-party marketplace websites and stated that the hold on Defendants' Authorized Seller account would be lifted "[u]pon removal of KONG products from 3rd Party Marketplaces." Attached to this declaration as **Exhibit 2** to KONG's MSJ is a true and correct copy of my February 25, 2019 email correspondence to Mr. Martinez.

7. Later on February 25, 2019, Mr. Martinez responded to my email. Mr. Martinez wrote that he understood KONG's position, but he also asked "can we finish selling these off?, it would be very costly to have these returned." Attached to this declaration as **Exhibit 3** to KONG's MSJ is a true and correct copy of Mr. Martinez's February 25, 2019 email correspondence to me.

8. I responded to Mr. Martinez's email that same day and explained that KONG would be willing to enter into a "3rd Party Marketplace Sell Through agreement" that would allow Defendants to temporarily sell KONG products on Amazon until an agreed-upon "sell through date." I attached KONG's proposed sell-through agreement to my email, and explained that Defendants would be permitted to again sell KONG Products through the Piccard's Pets Website once Mr. Martinez signed the sell-through agreement. Attached to this declaration as **Exhibit 4** to

KONG's MSJ is a true and correct copy of my February 25, 2019 email correspondence to Mr. Martinez that attached KONG's proposed sell-through agreement.

9. Mr. Martinez signed the sell-through agreement on March 1, 2019. I signed the agreement on behalf of KONG on March 4, 2019. Attached to this declaration as **Exhibit 5** to KONG's MSJ is a true and correct copy of the fully executed sell-through agreement.

10. The sell-through agreement signed by Mr. Martinez states that "[a]fter March 31, 2019 (the 'Sell-Through Date'), neither I nor any employee, agent, or anyone else acting at my direction or on my behalf, will advertise or sell any products bearing any KONG trademarks ('Kong Products') on any Third Party online marketplace, including (but not limited to) Amazon, eBay, Jet, Rakuten, Walmart Marketplace, and Sears Marketplace, either directly or through any other person, company, or entity. I will remove all existing listings of KONG Products I am selling on any online marketplace by the Sell-Through Date."

11. The sell-through agreement also states that "Beginning immediately, I will not acquire any KONG Products for purposes of resale on any online marketplace. From now until the Sell-Through Date, the only KONG Products I sell on any online marketplaces will be those in my existing inventory as of this date."

12. The sell-through agreement also states that "After the Sell-Through Date, I will only advertise or sell KONG Products in compliance with KONG's Authorized Reseller Policy (the 'Policy'), as it may be amended from time to time." This clause provided that, if Mr. Martinez complied with this obligations under the sell-through agreement, he would continue to be an Authorized Seller and be permitted to sell KONG Products through the Piccard's Pets Website

even though he was prohibited from selling on Amazon or any other third-party marketplace website.

13. The sell-through agreement also states that "Should I breach this agreement, I will be responsible for payment of the attorneys' fees incurred by KONG relating to its enforcement of this agreement."

14. KONG complied with its obligations under the sell-through agreement. On March 5, 2019, KONG sent an email to Mr. Martinez which stated that he had again "been approved to sell KONG toys on Piccardmeds4pets.com." The email also enclosed a new copy of KONG's authorized reseller policy and other materials. Attached to this declaration as **Exhibit 6** to KONG's MSJ is a true and correct copy of KONG's March 5, 2019 email that reapproved Mr. Martinez as an Authorized Seller of KONG products.

15. Mr. Martinez did not comply with his obligations in the sell-through agreement. After March 31, 2019, the agreed upon sell-through date, Mr. Martinez continued to sell KONG products on Amazon. After March 31, 2019, Mr. Martinez also began listing KONG products for sale on a third-party storefront on Walmart, another website that is prohibited by his sell-through agreement.

16. On July 1, 2019, I wrote to Mr. Martinez by email and discussed his violation of the sell-through agreement. I wrote: "you are currently in violation of the KONG Reseller Policy and in breach of your Sell Through Agreement. Piccard Meds 4 Pets current[ly] has KONG listed on Amazon, Amazon CA and Walmart.com. These will need to be [removed] within 24 hours." Attached to this declaration as **Exhibit 7** to KONG's MSJ is a true and correct copy of my July 1, 2019 email correspondence to Mr. Martinez.

17. After July 1, 2019, Mr. Martinez continued to violate his sell-through agreement by selling KONG products on prohibited third-party marketplace websites including Amazon and Walmart. Mr. Martinez also began selling KONG products on eBay, another third-party marketplace website that is prohibited by his sell-through agreement.

18. On October 17, 2019, I informed Mr. Martinez that he and Piccard Meds for Pets Corp had been formally terminated as Authorized Sellers of KONG products because of their continued sales of KONG products on third-party marketplace websites. I wrote by email that: "After being given several opportunities to comply with KONG's Reseller Policy, and your Sell Through Agreement, Piccardmeds4Pets continues to sell on Third Party Marketplaces such as Amazon and Ebay, and represent the brand as an approved Third Party Marketplace Reseller. Because of these non-compliant actions we have revoked authorized reseller status." Attached to this declaration as **Exhibit 8** to KONG's MSJ is a true and correct copy of my October 17, 2019 email correspondence to Mr. Martinez.

19. In my October 17, 2019 email, I also warned Mr. Martinez that KONG would pursue him for breach of his sell-through agreement unless he permanently removed his listings of KONG products from all third-party marketplace websites "by end of the day October 18, 2019."

20. After October 18, 2019, Mr. Martinez did not permanently remove his listings of KONG products from third-party marketplace websites. Over the following 16 months, Mr. Martinez continued to periodically list KONG products for sale through his storefronts on Amazon, Walmart, and eBay. Although Mr. Martinez occasionally removed his listings from Amazon, Walmart, and eBay, any removal was temporary and Mr. Martinez always resumed

listing KONG products on third-party marketplace websites despite the prohibition in the sell-through agreement.

21. On February 8, 2021, KONG sent a cease-and-desist letter to Mr. Martinez and Piccard Meds for Pets Corp. The letter explained, among other things, that Mr. Martinez continued to be in breach of his sell-through agreement by selling KONG products on third-party marketplace websites. The letter stated that "When KONG previously brought these matters to your attention, you signed a settlement agreement with KONG on March 1, 2019. In this contract, you agreed to immediately cease purchasing KONG products and stop selling KONG products on online marketplaces after March 31, 2019. You have continued to sell KONG products on Amazon in violation of this agreement. Since you have breached the agreement, you are responsible for the attorneys' fees incurred by KONG in enforcing its agreement against you." Attached to this declaration as **Exhibit 9** to the February 8, 2021 cease-and-desist letter that KONG sent to Mr. Martinez and Piccard Meds for Pets Corp.

22. Mr. Martinez continued to sell KONG products on third-party marketplace websites after February 8, 2021 and continuing to the present, even after KONG filed the instant lawsuit against Mr. Martinez and Piccard Meds for Pets Corp. As of the time I execute this declaration, Mr. Martinez is listing KONG products for sale on his storefronts on Amazon (https://www.amazon.com/sp?seller=AP4I3C6AVO63C) and eBay (https://www.ebay.com/usr/piccardmeds4pets).

23. KONG has been damaged by Mr. Martinez's breaches of his sell-through agreement. When consumers purchase KONG products on third-party marketplace websites that are of poor quality or otherwise unsatisfactory, consumers write negative online reviews of the

products that criticize KONG and cause other consumers to be less likely to purchase KONG products. KONG has approved only a small number of Authorized Sellers to sell on third-party marketplace websites so that it can carefully monitor those Authorized Sellers and take corrective action if they sell poor quality products or otherwise cause consumers to write negative reviews of KONG products. KONG cannot carry out this oversight or take any corrective action to protect its brand goodwill when sellers such as Mr. Martinez continue to sell on third-party marketplace websites, outside of KONG's quality controls, after expressly agreeing to stop. KONG has also incurred substantial costs in monitoring Mr. Martinez's continued sales on third-party marketplace websites and urging him to cease his sales, to no avail.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 22, 2021, in __Golden, CO_____.

By: _____
Lindsay Rich